MEMORANDUM ***
Ephraim Aguirre, II, appeals his sentence and an order of restitution following his guilty plea to two counts of receiving or distributing child pornography in violation *672 of 18 U.S.C. § 2252(a)(2). We have jurisdiction under 18 U.S.C. § 8742 and 28 U.S.C. § 1291. We affirm Aguirre’s sentence. However, we vacate and remand the order of restitution because, under the standard articulated in United States v. Kennedy, 648 F.3d 1251, 1263-64 (9th Cir.2011), the government failed to carry its burden of proving by a preponderance of the evidence that Aguirre’s offense proximately caused $3,000 in losses to the victims Amy and Vicky.[1]
On appeal, Aguirre raises challenges to a five-level sentencing enhancement applied to him, the overall length of his sentence in light of the § 3553(a) factors, and the restitution ordered. We review the sentence imposed by the district court for an abuse of discretion. United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc). We review the legal basis for the restitution order de novo. United States v. Laney, 189 F.3d 954, 964-65, 966 (9th Cir.1999).
1. Aguirre challenges the district court’s imposition of a five-level enhancement for “engaging] in a pattern of activity involving the sexual abuse or exploitation of a minor,” based on Aguirre’s unprosecuted sexual relationship with a 17-year-old former student, which Aguirre contends was consensual. U.S.S. § 2G2.2(b)(5) (providing for enhancement). The enhancement applies if a defendant has engaged in two or more instances of knowingly persuading, inducing, enticing, or coercing a minor to engage in any sexual activity for which a person can be charged with a criminal offense. Id. at cmt. n.1; 18 U.S.C. § 2422.
Here, Aguirre admitted that he engaged in sexual acts with the student, including intercourse, which constitutes a crime of sexual assault under California law. Cal.Penal Code § 261.5(c). Although the student stated that she “came on” to Aguirre and consented to the acts, she was legally incapable of consenting. Donaldson v. Dep’t of Real Estate, 134 Cal.App.4th 948, 36 Cal.Rptr.3d 577, 589 (2005). Moreover, Aguirre’s own statements demonstrate that he persuaded or enticed her to perform the sexual acts. Thus, the district court’s application of a five-level enhancement for a pattern of sexual abuse or exploitation of a minor was not an abuse of discretion.
2. Aguirre also contends that his sentence, although within the Guidelines range, is unreasonable in light of the § 3553(a) sentencing factors. The district court began its discussion of the § 3553(a) factors by explaining that it did not believe that Aguirre should receive the maximum sentence, in part because of his cooperation. The district court also acknowledged that it took into account the fact that “Aguirre had a very difficult childhood and upbringing, which are contributing factors to his conduct.” However, the court found that the other § 3553(a) factors weighed in favor of a higher sentence within the range. Aguirre downloaded and exchanged a significant amount of child pornography. Even if some of Aguirre’s statements were fantasy, Aguirre’s attraction to children between 9 and 16, his diagnosis as a pedophile, and the fact that he acted on his attractions by having a sexual relationship with a minor all indicate that Aguirre is a danger to the public.
The district court sentenced Aguirre to 30 years imprisonment, which is substantially below the Guidelines range of life, and well within the statutory range of 10 to 40 years. The district court reasonably *673 evaluated the § 3558(a) factors, and the resulting sentence is not an abuse of discretion.
3. Aguirre challenges the district court’s order of $3,000 in restitution to Amy and Vicky, whose images of sexual abuse as children were found among his collection of child pornography. Under 18 U.S.C. § 2259, the mandatory restitution statute for crimes involving the sexual exploitation and abuse of children, the district court was required to award the full losses that Aguirre’s offense proximately caused to any identified victims. The government must prove causation and the amount of losses by a preponderance of the evidence. Laney, 189 F.3d at 965. Aguirre asserts that the award is unsupported because the government failed to prove the amount of harm, if any, that his own possession of Amy’s and Vicky’s images caused them, given that their victim statements address only the harm they have suffered in aggregate from the creation, circulation, and possession of their images by countless individuals.
In Kennedy, we concluded that generalized evidence of Amy’s and Vicky’s losses failed to establish a causal chain between a defendant’s possession of child pornography and any of the victims’ losses. 643 F.3d at 1263-64. The generalized evidence failed to establish that Amy and Vicky were aware of the defendant’s offense, or that they suffered losses separate from those incurred as a result of everyone who viewed their images. Id. Accordingly, we concluded that the district court did not have a reasonable basis upon which to calculate an award of restitution. Id. at 1264-65.
Under the Kennedy standard, here, the government has similarly failed to establish the requisite causal chain between Aguirre’s offense and Amy’s or Vicky’s losses. Thus, we vacate the order of restitution and remand for further proceedings consistent with this disposition and our opinion in Kennedy.
AFFIRMED in part; VACATED and REMANDED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts, we repeat them here only as necessary to the disposition of the case.